# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**
**August 27, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Albert Lacy,**
**Claimant Below, Petitioner**


**v.)**      **No. 23-246**  (JCN: 2021017263)
                     (ICA No. 22-ICA-148)


**Charleston-Kanawha Housing**
**Authority,**
**Employer Below, Respondent**


## MEMORANDUM DECISION


Petitioner Albert Lacy appeals the February 2, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Lacy v. Charleston-Kanawha Hous. Auth.*, No. 22-ICA-148, 2023 WL 1464098 (W. Va. Ct. App. Feb. 2, 2023) (memorandum decision). Respondent Charleston-Kanawha Housing Authority filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the August 18, 2022, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the West Virginia Workers' Compensation Office of Judges' April 6, 2022, order upholding a denial of authorization for physical therapy for lumbar disc disorder with radiculopathy and lumbar spinal stenosis.[2]

The claimant asserts that the ICA erred in affirming the decision of the Board for Review upholding the denial of authorization for physical therapy to treat his lumbar conditions. The

---

[1] The petitioner is self-represented, and the respondent is represented by counsel Charity K. Lawrence.

[2] The Board of Review decided the appeal of an order entered by the West Virginia Workers' Compensation Office of Judges on April 6, 2022; this appeal was already pending at the Board of Review on June 30, 2022, when the West Virginia workers' compensation system underwent a significant restructuring. Despite the restructuring, the Board of Review was responsible for deciding this and "all remaining appeals filed with the Board of Review, of Office of Judges' decisions issued prior to June 30, 2022[.]" *See* W. Va. Code § 23-5-8b(e). The order entered by the Board of Review was then appealed to the ICA, which pursuant to West Virginia Code § 23-5-8b(d)(2), has exclusive jurisdiction over all final orders or decisions issued by the Board of Review after June 30, 2022. *See also* W. Va. Code § 23-5-15(a) (directing that prior statutory provisions allowing for appeals from Board of Review directly to Supreme Court of Appeals do not apply to any Board of Review decision issued after June 30, 2022.)

employer maintains that the claimant points to no erroneous procedure, no arbitrary or capricious conclusions, and no abuse of discretion or jurisdictional error by the tribunals below.

This Court reviews questions of law de novo, while we accord deference to the lower tribunal's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. Apr. 22, 2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: August 27, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn